1
2
3
4
5
6
7       UNITED STATES DISTRICT COURT
8           EASTERN DISTRICT OF CALIFORNIA
9
10   JASON GILMORE,                        CASE NO.    1:10-cv-01518-MJS (PC)

11              Plaintiff,                 ORDER   DISMISSING   PLAINTIFF'S
                                           COMPLAINT WITH LEAVE TO AMEND
12        v.
                                           (ECF No. 1)
13   KINGS COUNTY JAIL, et al.,
14                                         AMENDED COMPLAINT DUE WITHIN
              Defendants.                  THIRTY (30) DAYS
15
16   _____/
17
18                          **SCREENING ORDER**

19   **I.    PROCEDURAL HISTORY**

20        On August 23, 2010, Plaintiff Jason Gilmore, a former state prisoner proceeding pro

21   se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF

22   No. 1.)  Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)  Plaintiff's

23   Complaint is now before the Court for screening.

24   **II.   SCREENING REQUIREMENT**
25
26        The Court is required to screen complaints brought by prisoners seeking relief
27
                                    1

against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

**III.    SUMMARY OF COMPLAINT**

The Complaint identifies Kings County Jail and Kings County Sheriff as Defendants and alleges that on November 19, 2009, while he was in the custody of Kings County Jail and its Sheriff, Plaintiff's wisdom tooth was treated negligently and Plaintiff suffered injury as a result.  (Compl. at 3.)

**IV.    ANALYSIS**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law.

See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

## A.    Section 1983 Linkage Requirement

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  This requires the presentation of factual allegations sufficient to state a plausible claim for relief.  Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).   The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

The statute clearly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior.  Iqbal, 129 S.Ct. at 1948.  Since a government official cannot be held liable under

a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions.  Id. at 1948.  In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

Plaintiff has not met the section 1983 linkage requirement with respect to the Kings County Sheriff.  The Complaint does not explain how the Sheriff was involved in the violation of Plaintiff's constitutional rights or any other act giving rise to this Complaint.  Nothing connects the Sheriff to the treatment of Plaintiff's wisdom tooth other than the presumed fact that the Sheriff has some authority at Kings County Jail.

Supervisory personnel are not liable under section 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged.  Id. at 1948.  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege facts showing that the Sheriff personally participated in the alleged deprivation of constitutional rights: such as having known of the violations and failed to act to prevent them  or having promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

**B.**   **Municipal Liability**

Kings County Jail is a entity of Kings County, a municipality.   "Municipalities and

4

1  other local government units . . . [are] among those persons to whom § 1983 applies."

2  Monell, 436 U.S. at 690.  However, a municipal entity or its departments, such as the Kings

3  County Jail, is liable under § 1983 only if Plaintiff shows that his constitutional injury was

4  caused by employees acting pursuant to the municipality's policy or custom.  See Villegas

5  v. Gilroy Garlic Festival Ass'n, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S.

6  at 690–94).  Federal claims against municipal defendants in their official capacities must

7  also identify a government policy or practice, because an official capacity suit against a

8  municipal defendant in his official capacity is nothing more than a suit against the county

9  itself.  McMillian v. Monroe County, Ala., 520 U.S. 781, 785 n. 2 (1997).  Thus, in order for

10 Plaintiff to proceed on claims against Kings County Jail, Plaintiff must show that its specific

11 policies and practices were the moving forces behind the alleged violations of Plaintiff's

12 constitutional rights.  See Gibson v. County of Washoe, 290 F.3d 1175, 1185–86, 1193–94

13 (9th Cir. 2002).

14     "[T]here are three ways to show a policy or custom of a municipality: (1) by showing

15 a longstanding practice or custom which constitutes the standard operating procedure of

16 the local government entity; (2) by showing that the decision-making official was, as a

17 matter of state law, a final policymaking authority whose edicts or acts may fairly be said

18 to represent official policy in the area of decision; or (3) by showing that an official with final

19 policymaking authority either delegated that authority to, or ratified the decision of, a

20 subordinate."  Villegas, 541 F.3d at 964 (internal quotations omitted).

21     Plaintiff makes no allegations regarding the policies and practices of Kings County

22 Jail or other bases for concluding that the jail could have liability under the facts alleged.

23 In order to state a claim against the Jail, Plaintiff must allege truthful facts that demonstrate

5

specific Jail policies and practices were the moving forces behind alleged constitutional violations.

### C.    Inadequate Medical Care

It appears Plaintiff may be desirous of stating a claim that he received inadequate medical care in violation of the Eighth Amendment.[1]  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).   "Medical" needs include a prisoner's "physical, dental, and mental health."  Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("[T]he Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care.").

The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal

---

[1]  Plaintiff alleged that he was "in custody at Kings County Jail" at the time of the alleged violation. (Compl. at 3.)  It is not clear from the Complaint whether Plaintiff had been convicted of a crime. Claims for failure to provide adequate care for serious medical needs, when brought by a detainee who has been neither charged nor convicted of a crime, are analyzed under the substantive due process clause of the Fourteenth Amendment rather than the Eighth Amendment.  Lolli v. County of Orange, 351 F.3d 410, 418 (9th Cir. 2003); Gibson v. County of Washoe, 290 F.3d 1175, 1185–86 (9th Cir. 2002.); Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).  The Fourteenth Amendment "imposes, at a minimum, the same duty the Eighth Amendment imposes: persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs."  Gibson, 290 F.3d at 1187.  The law applicable to Plaintiff's claim is the same regardless of his custody status.

quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. The Ninth Circuit has held that mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). To state an Eighth Amendment claim in this case, Plaintiff must show

7

that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Plaintiff alleges that the Defendants' negligent treatment of his wisdom tooth caused him injury. (Compl. at 3.) Certainly a tooth impairment or injury can constitute serious medical need in satisfaction of the the first prerequisite to an Eighth Amendment claim. See Hunt, 865 F.2d at 200 (finding that prisoner's bleeding gums, breaking teeth and his inability to eat properly were sufficiently serious to satisfy the Eighth Amendment); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain). However, the allegations here do not suffice to identify any such condition. One can not determine whether Plaintiff sought and received treatment because of a serious dental problem or simply as part of a routine examination. Plaintiff will be given leave to amend to, among other things, describe the condition for which he sought and received treatment.

Even if Plaintiff alleges a serious medical need, the Complaint does not allege facts indicating that any Defendant acted with deliberate indifference towards Plaintiff and his condition. He does describe "negligence" as the cause of his injury. (Compl. at 3.) Allegations of negligence or medical malpractice do not amount to deliberate indifference. Estelle, 429 U.S. at 106.

In summary, this Complaint does not state a cognizable claim for inadequate

8

medical care in violation of the Eighth Amendment.  The Court will grant Plaintiff an opportunity to amend.  In order to state a cognizable claim, Plaintiff must allege in his amended complaint that  a named Defendant was deliberately indifferent to Plaintiff's serious medical need and accompany the allegations with sufficient facts to enable the Court to determine the basis for the claims.  Mere conclusions by Plaintiff are insufficient. Iqbal, 129 S.Ct. at 1949-50.

## V.    CONCLUSION AND ORDER

Plaintiff's Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint.  Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 1949 (quoting Twombly, 550 U.S. at 555 (2007)).  Plaintiff must also demonstrate that each named Defendant personally participated in a deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims.  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).  Plaintiff should carefully read this Screening Order and focus his efforts on curing the deficiencies set forth above.

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  As a general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer

serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury. Plaintiff's amended complaint should be brief.  Fed. R. Civ. P. 8(a).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Accordingly, it is HEREBY ORDERED that:

1.      The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form and (2) a copy of his Complaint, filed August 23, 2010;

2.      Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted;

3.      Plaintiff shall file an amended complaint within thirty (30) days; and

4.      If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.


IT IS SO ORDERED.

Dated:    December 1, 2011           /s/ *Michael J. Seng*
ci4d6                                UNITED STATES MAGISTRATE JUDGE

10