# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON GILMORE, | CASE NO.    1:10-cv-01518-MJS (PC) |
| Plaintiff, | ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 12) |
| KINGS COUNTY JAIL, et al., | |
| Defendants. | PLAINTIFF'S RESPONSE DUE WITHIN THIRTY (30) DAYS |
| _____/ | |

### SCREENING ORDER

**I.     PROCEDURAL HISTORY**

On August 23, 2010, Plaintiff Jason Gilmore, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983.  (ECF No. 1.) Plaintiff consented to Magistrate Judge jurisdiction.  (ECF No. 5.)

Plaintiff's Complaint (ECF No. 1) and First Amended Complaint (ECF No. 10) were screened and dismissed, with leave to amend, on December 2, 2011 and December 30, 2011, respectively, for failure to state a cognizable claim.  (ECF Nos. 9, 11.)  Plaintiff's

Second Amended Complaint (ECF No. 12) is now before the Court for screening.

## II.   SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

Section 1983 "provides a cause of action for the 'deprivation of any rights, privileges, or immunities secured by the Constitution and laws' of the United States."  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983).  Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere.  Graham v. Connor, 490 U.S. 386, 393-94 (1989).

## III.   SUMMARY OF SECOND AMENDED COMPLAINT

Plaintiff identifies the following Defendants in this action: (1) Kings County; (2) Dave Robinson, Kings County Sheriff (Sheriff); (3) Chris Jordan, former Sheriff; (4) Correctional Corporal Narciss, Deputy Sheriff; (4) unknown Deputy Sheriffs; and (5) unknown Sheriff's Department Corrections medical staff.

Plaintiff alleges the following:

2

On November 1, 2009, Plaintiff was committed to the custody of Defendant Jordan. Plaintiff was under the supervision of Defendant Narciss and an unspecified number of John Doe Deputy Sheriffs.  (Compl. at 2.)  On November 15, 2009, Plaintiff followed King County procedure and approached Defendant Narciss and the Doe Deputies to request medical care.  Plaintiff complained of "excruciating oral pain" and told Narciss and the Deputies that he believed he had an abscessed tooth that required immediate medical attention.  (Id. at 2, 3.)  Narciss and his fellow Deputies referred Plaintiff to the medical staff.  (Id. at 3.)

An unspecified number of John Doe healthcare personnel examined Plaintiff according to King County procedure and "advised [Plaintiff] that there was nothing they could do for him . . . ."  (Id.)  The Deputies returned Plaintiff to his cell.  Each day for the next four days Plaintiff confronted Defendants Narciss, the Doe Deputies, and the Doe medical personnel and complained of "excruciating pain" that was worsening daily and of experiencing symptoms consistent with an abscess.  The result was the same each day, Narciss and the Deputies referred Plaintiff to the Doe medical staff, who then examined Plaintiff and sent him back to his cell without a referral to a physician, dental surgeon, or other person with more expertise.  (Id.)  After being returned to his cell on the fifth day, Plaintiff was examined by a nurse who determined that Plaintiff needed to be sent to a local hospital for further examination.  (Id. at 3, 4.)

Narciss and the Doe Deputies transported Plaintiff to a local emergency room.  The emergency room physician referred Plaintiff to a larger regional hospital with the means to treat Plaintiff's abscess.  Plaintiff was admitted to the regional hospital for twenty-one days.  He underwent oral surgery to drain the abscess and antibiotic therapy to treat an

3

infection in the abscess.  (Id. at 4.)

The Second Amended Complaint claims that Defendants knowingly delayed treatment for Plaintiff's abscess and that the delay caused Plaintiff to suffer and undergo invasive medical treatment that would have otherwise been unnecessary.  Plaintiff asserts that the Defendants violated his Eighth Amendment rights.

**IV.    ANALYSIS**

**A.    Introduction**

To state a claim under Section 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'"  Id.  Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not.  Id. at 1949-50.

///

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**B.    Section 1983 Linkage Requirement**

Under § 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Id.

The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978). Government officials may not be held liable for the actions of their subordinates under a theory of respondeat superior. Iqbal, 129 S.Ct. at 1948. Since a government official cannot be held liable under a theory of vicarious liability in § 1983 actions, Plaintiff must plead sufficient facts showing that the official has violated the Constitution through his own individual actions. Id. at 1948. In other words, to state a claim for relief under § 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

The Second Amended Complaint identifies Dave Robinson, current Sheriff, and Chris Jordan, former Sheriff, as Defendants but includes no factual allegations linking them to the alleged constitutional violation. The Court has twice before instructed Plaintiff that in order to state a claim based on supervisory liability, Plaintiff must allege facts showing that the Defendant personally participated in the alleged deprivation of constitutional rights by having known of the violations and having failed to act to prevent them or having

5

promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); <u>Taylor v. List</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).   The Second Amended Complaint alleges no facts demonstrating that either Defendant was aware of the alleged violation or created a policy responsible for it.

Plaintiff twice having been advised of what was necessary to link Defendants Robinson and Jordan to the alleged constitutional violations and twice having failed to do so, no useful purpose would be served by extending him yet another opportunity. Accordingly, Plaintiff's claims against these Defendants are dismissed with prejudice. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

### C.   Municipal Liability

The Complaint identifies Kings County as a Defendant.  A local government is liable under § 1983 only if a constitutional violation "implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that [entity's] officers." <u>Edgerly v. City & Cnty. of S.F.</u>, 599 F.3d 946, 960 (9th Cir. 2010) (<u>quoting Monell v. Department of Social Services</u>, 436 U.S. 658, 690 (1978)).  A local government entity will be liable "only where the entity's policies evince a 'deliberate indifference' to the constitutional right and are the 'moving force behind the constitutional violation.'" <u>Id.</u> (<u>quoting Levine v. City of Alameda</u>, 525 F.3d 903, 907 (9th Cir. 2008)).  A policy can be an official policy or one made "by those whose edicts or acts may fairly be said to represent official policy."  <u>Dietrich v. John Ascuaga's Nugget</u>, 548 F.3d 892, 900 (9th Cir. 2008)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

(quoting Monell, 436 U.S. at 694).  It can also be a "widespread practice that . . . is so permanent and well settled as to constitute a 'custom or usage' with the force of law." Gillette v. Delmore, 979 F.2d 1342, 1348–49 (9th Cir. 1992) (quoting City of St. Louis v. Praprotnik, 485 U.S. 112, 127 (1988)).

Thus, to prevail on a § 1983 claim against a municipal defendant, a plaintiff must show (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the policy is the moving force behind the constitutional violation.  See Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011).  A municipal policy is the "moving force" behind a constitutional violation if it is the proximate cause of the constitutional injury.  Van Ort v. Estate of Stanewich, 92 F.3d 831, 837 (9th Cir. 1996).

Plaintiff has failed to allege municipal liability.  The Second Amended Complaint does not describe a policy or widespread conduct that was the moving force behind the alleged violation.  Instead, Plaintiff merely alleges his conclusion, unsupported by factual allegations, that the Defendants acted pursuant to Kern County policy.  Conclusory allegations can not support a cognizable claim.  Iqbal, 129 S.Ct. at 1949.  Plaintiff was notified of this deficiency before and failed to correct it; further leave to amend would be fruitless.  Plaintiff's claim against Kern County is dismissed with prejudice.  Lopez, 203 F.3d at 1130; Noll, 809 F.2d at 1448-49.

**D.    Inadequate Medical Care**

Plaintiff alleges that the Defendants violated his Eighth Amendment rights by denying Plaintiff access to adequate medical treatment.   "[T]o maintain an Eighth

7

Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). "Medical" needs include a prisoner's "physical, dental, and mental health." Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982); Hunt v. Dental Dept., 865 F.2d 198, 200 (9th Cir. 1989) ("[T]he Eighth Amendment requires that prisoners be provided with a system of ready access to adequate dental care.")

The two-part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations omitted)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). The complete denial of medical attention may constitute deliberate indifference. Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986). Delay in providing medical treatment, or interference with medical treatment, may also constitute deliberate indifference. Lopez v. Smith, 203 F.3d 1122, 1131 (9th Cir. 2000). Where delay is alleged, however, the prisoner must also demonstrate that the delay led to further injury. McGuckin, 974 F.2d at 1060. In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts

8

to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994). '[A] difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim.'" Turner v. Greenman, 2011 WL 1343120, *3 (E.D. Cal. Apr. 7, 2011) (quoting Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

"[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment.  Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.  The Ninth Circuit has held that "[m]ere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06).  To state an Eighth Amendment claim in this case, Plaintiff must show that the "course of treatment the doctors chose was medically unacceptable under the circumstances" and "that they chose this course of treatment in conscious disregard of an excessive risk to [Plaintiff's] health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

        1.    Serious Medical Need

Plaintiff alleges that he experienced "excruciating oral pain" and symptoms consistent with an abscessed tooth.  The pain increased daily for five days.  On the fifth day a nurse examined Plaintiff and determined that his condition was severe enough to warrant a trip to the emergency room.  Plaintiff was then hospitalized for twenty-one days and underwent surgery for the abscess and received antibiotics for the infection.  Plaintiff

has adequately alleged a serious medical need and satisfied the first prerequisite to an Eighth Amendment claim. See Hunt, 865 F.2d at 200 (finding that prisoner's bleeding gums, breaking teeth and his inability to eat properly were sufficiently serious to satisfy the Eighth Amendment); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994) ("serious" medical conditions are those a reasonable doctor would think worthy of comment, those which significantly affect the prisoner's daily activities, and those which are chronic and accompanied by substantial pain).

### 2.   Deliberate Indifference

#### a.   Corporal Narciss and John Doe Deputies

Plaintiff alleges that he advised Defendants Narciss and the Doe Deputies of severe mouth pain.  In response, the Defendants referred Plaintiff to the medical department whose personnel sent him back to his cell.  The Second Amended Complaint alleges that because Plaintiff was not receiving the treatment he felt he needed in the medical department, Narciss and the Deputies were deliberately indifferent to his serious medical need by repeatedly referring him there.

Plaintiff's allegations fail to satisfy the second element of his Eighth Amendment claim against Defendants Narciss and the John Doe Deputies.  When resolving a claim under the Eighth Amendment against individual defendants, causation must be resolved via "a very individualized approach which accounts for the duties, discretion, and means of each defendant." Leer v. Murphy, 844 F.2d 628, 633-34 (9th Cir. 1988) citing with approval Williams v. Bennett, 689 F.2d 1370, 1384 (11th Cir. 1982) ("There can be no duty, the breach of which is actionable, to do that which is beyond the power, authority, or means of the charged party.  One may be callously indifferent to the fate of prisoners and

10

yet not be liable for their injuries.  Those whose callous indifference results in liability are those under a duty - possessed of authority and means - to prevent the injury.")

The deputies and Narciss responded to Plaintiff's complaints by referring him to medical personnel.  There are no facts to support the implicit claim that either of them had the capacity, much less the duty, to do anything more than send Plaintiff to the infirmary.  Indeed, it likely would have been inappropriate, at least in the circumstances of this case, for them to have substituted their judgment for that of the medical personnel.

Given the alleged role of Narciss and the Doe Deputies as non-medical jail personnel, their response to Plaintiff's serious medical can not be said to have been deliberately indifferent.  Accordingly, Plaintiff's Eighth Amendment claim against Narciss and the Doe Defendants is dismissed.  For the same reasons as indicated above - proven futility - Plaintiff will not be given leave to amend this claim.

b.    John Doe Medical Staff

Plaintiff alleges that each time he presented himself to the Doe medical staff with complaints of severe pain and symptoms consistent with an abscess, the staff members told Plaintiff "that there was nothing they could do for him . . . ." (Compl. at 3.)  For five days the Doe medical personnel allegedly turned Plaintiff away without treatment or a referral to a medical practitioner qualified to examine and diagnose the abscess.  After being denied care on the fifth day, a nurse came and ordered that Plaintiff be taken to a hospital.

A complete denial of medical care is not required to show deliberate indifference.  Lopez, 203 F.3d at 1132.  "The Eighth Amendment requires that prison officials provide a system of ready access to adequate medical care."  Hoptowit, 682 F.2d at 1253, abrogated

11

in part on other grounds by Sandin v. Conner, 515 U.S. 472, 481-84 (1995).  "[M]edical staff must be competent to examine prisoners and diagnose illnesses," and must either "be able to treat medical problems or to refer prisoners to others who can."  Hoptowit, 682 F.2d at 1253.

Plaintiff's allegations, taken as true at this stage of the proceeding , alleged that the Doe medical staff defendants "[knew] of and disregard[ed] an excessive risk to [his] health . . . ."  Farmer, 511 U.S. at 837.  The Defendants were allegedly aware of Plaintiff's serious medical need because Plaintiff told them on five separate consecutive occasions.  By the fifth day his condition was grave enough that a nurse recognized Plaintiff required emergency care.  Under the circumstances, it was the responsibility and duty of the medical staff to either provide Plaintiff with care or refer him to a medical practitioner capable of treating the abscess.

However, Plaintiff has still failed to state a cognizable Eighth Amendment claim against the Doe medical staff because they are referred to collectively as a group.  "John Doe" defendant liability must be properly alleged.  A plaintiff may use "Doe" designations to refer to defendants whose names are unknown; however, he must number them in the complaint, e.g., "John Doe 1," "John Doe 2," or otherwise distinguish each defendant, e.g., "Medical Technician John Doe," so that every John Doe refers to a different specific person.  Plaintiff also must identify how each such named defendant, including those named as Doe, is liable for a constitutional violation.  Dempsey v. Schwarzenegger, 2010 WL 1445460, *2 (N.D. Cal. Apr. 9, 2010); Schrubb v. Tilton, 2009 WL 3334874, *2 (N.D. Cal. Oct. 14, 2009).

The Court is unable to discern which medical personnel knew or should have known

12

of Plaintiff's serious medical need and nevertheless exhibited deliberate indifference.  It is not sufficient to identify a group defendant.  Plaintiff must identify each individual staff member and describe how that staff member acted with deliberate indifference to his medical needs.  Leer, 844 F.2d at 634.

Plaintiff will be given one **final** opportunity to amend his Eighth Amendment claim against the Doe medical personnel who disregarded his severe medical need **only**.  In his amended complaint, Plaintiff shall either name the defendants involved or list the number of Doe defendants involved.  If Plaintiff can only list these defendants as John Doe, Plaintiff should describe the role each played in treating him and allege specific wrongful acts attributable to each of these Doe defendants, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y."  Alexander v. Tilton, 2009 WL 464486, *5 (E.D. Cal. Feb. 24, 2009).[1]

## V.    CONCLUSION AND ORDER

Plaintiff's Second Amended Complaint does not state a claim for relief under section 1983.  The Court will grant Plaintiff **one more, and only one more**, opportunity to file an amended complaint.  Noll, 809 F.2d at 1448-49.  Plaintiff's opportunity to amend is granted solely for the purpose of correcting the deficiencies identified with regard to his Eighth Amendment claim against the unspecified John Doe medical personnel.  Plaintiff's remaining claims are dismissed without leave to amend.   Plaintiff must demonstrate that each named Defendant personally participated in a deprivation of his rights.   Jones, 297

---

[1]    Although the use of Doe defendants is acceptable to withstand dismissal of the complaint at the initial review stage, Plaintiff is cautioned that using "John Doe" defendants creates its own problem: those persons cannot be served with process in this action until they are identified by their real names. Plaintiff must promptly take steps to discover the name of the unnamed defendant and provide that information to the Court in an amendment to his pleading. The burden remains on the Plaintiff and the Court will not undertake to investigate the name and identity of the unnamed defendant.

1    F.3d at 934.

2        Plaintiff should note that although he has been given the opportunity to amend, it

3    is not for the purpose of reasserting dismissed claims or adding new claims. George v.

4    Smith, 507 F.3d 605, 607 (7th Cir. 2007). Plaintiff should carefully read this Screening

5    Order and focus his efforts on curing the deficiencies set forth above.

6

7        Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint

8    be complete in itself without reference to any prior pleading. As a general rule, an

9    amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55,

10   57 (9th Cir. 1967). Once an amended complaint is filed, the original complaint no longer

11   serves any function in the case. Therefore, in an amended complaint, as in an original

12   complaint, each claim and the involvement of each defendant must be sufficiently alleged.

13   The amended complaint should be clearly and boldly titled "Third Amended Complaint,"

14   refer to the appropriate case number, and be an original signed under penalty of perjury.

15   Plaintiff's amended complaint should be brief. Fed. R. Civ. P. 8(a). Although accepted as

16   true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the

17   speculative level . . . ." Twombly, 550 U.S. at 555 (citations omitted).

18

19       Accordingly, it is HEREBY ORDERED that:

20

21       1.    The Clerk's Office shall send Plaintiff (1) a blank civil rights complaint form

22   and (2) a copy of his Second Amended Complaint, filed January 25, 2012;

23       2.    Plaintiff's Second Amended Complaint is dismissed for failure to state a claim

24   upon which relief may be granted;

25       3.    Plaintiff shall file an amended complaint within thirty (30) days; and

26

27       4.    If Plaintiff fails to file an amended complaint in compliance with this order, this

14

action will be dismissed, with prejudice, for failure to state a claim and failure to comply with a court order.  He will be given no further opportunity to amend.


IT IS SO ORDERED.


Dated:    April 21, 2012            _____/s/_*Michael J. Seng*_____

                                      UNITED STATES MAGISTRATE JUDGE